UNITED STATES DISTRICT COURT
FOR THE DISTRCICT OF MASSACHUSETTS

| | |
|---|---|
| COURTNEY L. ORDWAY, | ) Case No.: |
| Plaintiff, | ) **COMPLAINT AND DEMAND FOR JURY TRIAL** |
| v. | ) |
| LIGHTHOUSE RECOVERY ASSOCIATES, LLC., | ) **(Unlawful Debt Collection Practices)** |
| Defendant. | |

## COMPLAINT

COURTNEY L. ORDWAY ("Plaintiff"), by her attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against LIGHTHOUSE RECOVERY ASSOCIATES, LLC., ("Defendant"):

### INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

### JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28

U.S.C. § 1367 grants this court supplemental jurisdiction over the state claims contained therein.

3. Defendant conducts business in the state of Massachusetts and therefore, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(1).

5. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

## PARTIES

6. Plaintiff is a natural person residing in Swampscott, Massachusetts.

7. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

8. Defendant is a debt collection company doing business in Massachusetts and having its principal place of business at 11551 E. Arapahoe Road, Suite 150, in Centennial, Colorado, 80112.

9. Defendant is a debt collector as that term is defined by 15 U.S.C. § 1692a(6), and sought to collect a consumer debt from Plaintiff.

10. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## PRELIMINARY STATEMENT

11. The Fair Debt Collection Practices Act ("FDCPA") is a comprehensive statute that prohibits a catalog of activities in connection with the collection of debts by third parties. See 15 U.S.C. § 1692 et seq. The FDCPA imposes civil liability on any person or entity that violates its provisions, and establishes general standards of debt collector conduct, defines abuse, and provides for specific consumer rights. 15 U.S.C. § 1692k. The operative provisions of the FDCPA declare certain rights to be provided to or claimed by debtors, forbid deceitful and misleading practices, prohibit harassing and abusive tactics, and proscribe unfair or unconscionable conduct, both generally and in a specific list of disapproved practices.

12. In particular, the FDCPA broadly enumerates several practices considered contrary to its stated purpose, and forbids debt collectors from taking such action. The substantive heart of the FDCPA lies in three broad prohibitions. First, a "debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." 15 U.S.C. § 1692d. Second, a "debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. And third, a "debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. §

1692f. The FDCPA is designed to protect consumers from unscrupulous collectors, whether or not there exists a valid debt, broadly prohibits unfair or unconscionable collection methods, conduct which harasses, oppresses or abuses any debtor, and any false, deceptive or misleading statements in connection with the collection of a debt.

13. In enacting the FDCPA, the United States Congress found that "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors," which "contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692a. Congress additionally found existing laws and procedures for redressing debt collection injuries to be inadequate to protect consumers. 15 U.S.C. § 1692b.

14. Congress enacted the FDCPA to regulate the collection of consumer debts by debt collectors. The express purposes of the FDCPA are to "eliminate abusive debt collection practices by debt collectors, to insure that debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692e.

## FACTUAL ALLEGATIONS

15. At all pertinent times hereto, Defendant was allegedly hired to collect a debt relating to a payday loan.

16. The alleged debt at issue arose out of transactions that were primarily for personal, family or household, purposes.

17. Defendant and others it retained in September of 2009 constantly and continuously placed harassing and abusive collection calls to Plaintiff seeking and demanding payment for an alleged consumer debt.

18. Defendant communicated, by telephone, with Plaintiff with such frequency as to be unreasonable and to constitute harassment to Plaintiff under the circumstances.

19. Specifically, Defendant contacted Plaintiff telephonically more than twenty times in September, and in some instances more than five calls in a single day.

20. Defendant communicated with Plaintiff at an unusual time and place, specifically at work, and this continued after Plaintiff advised Defendant that her employer did not permit such calls.

21. In fact, Defendant faxed a verification form to Plaintiff's employer, attention of the Human Resources Department. <u>See</u> Exhibit A, Facsimile from Defendant.

22. This verification form sought information related to Plaintiff's employment. <u>See</u> Exhibit A, Facsimile from Defendant.

23. Plaintiff's employer provided the verification form to Plaintiff, and after receiving it, she faxed correspondence to Defendant challenging her legal obligation to repay this alleged debt and to cease contacting regarding this debt.

24. Defendant then contacted Plaintiff on her cellular telephone and left the following message:

> Ms. Ordway, this is Vicki calling from Lighthouse Recovery, and I received your letter today, and I will advise you that before you tell me ummm what the laws are, you should know that yes you very well do live in Massachusetts; however, your loan did not originate in Massachusetts. When you originate a loan online like that and you go across state lines, the rules of your state no longer apply
>
> So, you can return my call if you want to. Ummm, at this point, I am going to go ahead and turn it over umm because *you know clearly you are not going to take care of the money that **you stole from my client**.*
>
> Umm, you have my number. You have my address. *I wish you uhh very good luck.* **You are going to need it.**

25. In the voice mail message, Defendant accused Plaintiff of stealing money and implied that it was intending to commence some type of legal action against Plaintiff, which to date, Defendant has taken no legal action against Plaintiff.

26. Defendant's calls to Plaintiff at her place of employment and on her cellular telephone, as well as Defendant's voice mail message, were disturbing,

harassing, and misleading, and made Plaintiff feel alarmed and embarrassed.

## CONSTRUCTION OF APPLICABLE LAW

27.   The FDCPA is a strict liability statute. Taylor v. Perrin, Landry, deLaunay & Durand, 103 F.3d 1232 (5th Cir. 1997). "Because the Act imposes strict liability, a consumer need not show intentional conduct by the debt collector to be entitled to damages." Russell v. Equifax A.R.S., 74 F. 3d 30 (2d Cir. 1996); see also Gearing v. Check Brokerage Corp., 233 F.3d 469 (7th Cir. 2000) (holding unintentional misrepresentation of debt collector's legal status violated FDCPA); Clomon v. Jackson, 988 F. 2d 1314 (2d Cir. 1993).

28.   The FDCPA is a remedial statute, and therefore must be construed liberally in favor of the debtor. Sprinkle v. SB&C Ltd., 472 F. Supp. 2d 1235 (W.D. Wash. 2006). The remedial nature of the FDCPA requires that courts interpret it liberally. Clark v. Capital Credit & Collection Services, Inc., 460 F. 3d 1162 (9th Cir. 2006). "Because the FDCPA, like the Truth in Lending Act (TILA) 15 U.S.C §1601 *et seq.*, is a remedial statute, it should be construed liberally in favor of the consumer." Johnson v. Riddle, 305 F. 3d 1107 (10th Cir. 2002).

29.   The FDCPA is to be interpreted in accordance with the "least sophisticated" consumer standard. See Jeter v. Credit Bureau, Inc., 760 F.2d 1168 (11th Cir. 1985); Graziano v. Harrison, 950 F. 2d 107 (3rd Cir. 1991); Swanson v.

Southern Oregon Credit Service, Inc., 869 F.2d 1222 (9th Cir. 1988). The FDCPA was not "made for the protection of experts, but for the public - that vast multitude which includes the ignorant, the unthinking, and the credulous, and the fact that a false statement may be obviously false to those who are trained and experienced does not change its character, nor take away its power to deceive others less experienced." Id. The least sophisticated consumer standard serves a dual purpose in that it ensures protection of all consumers, even naive and trusting, against deceptive collection practices, and protects collectors against liability for bizarre or idiosyncratic interpretations of collection notices. Clomon, 988 F. 2d at 1318.

**COUNT I**
**DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT**

30. In its actions to collect a disputed debt, Defendant violated the FDCPA in one or more of the following ways:

    i.    Communicating with Plaintiff at a place known to be inconvenient, specifically at her place of employment, knowing that Plaintiff did not want to be contacted at her place of employment, in violation of 15 U.S.C. § 1692c(a)(1), (3).

ii. Communicating with third persons, specifically Plaintiff's employer, without the prior consent of Plaintiff in connection with the collection of a debt, in violation of 15 U.S.C. § 1692c(b).

iii. Engaging in conduct the natural consequence of which was to harass, oppress, or abuse Plaintiff with the collection of a debt, specifically repeatedly contacting Plaintiff on her cellular telephone and at her place of employment, in violation of 15 U.S.C. § 1692d.

iv. Using false, deceptive or misleading representation or means in connection with the collection of any debt, specifically representing to Plaintiff's neighbors that there was an active U.S. law case involving Plaintiff, in violation of 15 U.S.C. §§ 1692e and 1692e(10).

v. Falsely representing or implicating that Plaintiff committed any crime or other conduct in order to disgrace Plaintiff, specifically accusing Plaintiff of stealing from Defendant, in violation of 15 U.S.C. § 1692e(7).

vi. Using unfair or unconscionable means to collect or attempt to collect any debt, in violation of 15 U.S.C. § 1692f.

  vii. Failing to, within five days after initial communication with Plaintiff in connection with the collection of a debt, to provide Plaintiff with written notice containing the amount of the debt, the name of the creditor to who the debt is owed, and advising her rights to dispute the debt, request validation of the debt, and the name and address of the original creditor, in violation of 15 U.S.C. § 1692g.

  viii. By acting in an otherwise deceptive, unfair and unconscionable manner and failing to comply with the FDCPA.

WHEREFORE, Plaintiff, COURTNEY L. ORDWAY, respectfully prays for a judgment as follows:

  a. All actual compensatory damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

  b. Statutory damages of $1,000.00 for each violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

  c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff pursuant to 15 U.S.C. § 1693k(a)(3); and

  d. Any other relief deemed appropriate by this Honorable Court.

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, COURTNEY L. ORDWAY, demands a jury trial in this case.

                                        RESPECTFULLY SUBMITTED,

DATED: December 18, 2009        KIMMEL & SILVERMAN, P.C..

                                  By: ___/s/ Craig Thor Kimmel_____

                                        Craig Thor Kimmel, Esquire
                                        Attorney for Plaintiff

PLAINTIFF'S COMPLAINT